UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                       **PLAINTIFF**

vs.                                         **CRIMINAL ACTION NO. 3:18-CR-137-CRS**

**JON MICHAEL HELMS**                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Jon Michael Helms, for severance of Counts One and Two of this criminal action. For the reasons that follow, Defendant's motion for separate trials will be denied, but the Court will bifurcate the trial and try the counts separately so that the jury will hear evidence on and consider Count Two only if it finds Defendant guilty on Count One.

## I. BACKGROUND

On September 6, 2018, a grand jury indicted Defendant on two counts. Count One charges Defendant with crossing a state line with the intent to engage in a sexual act with a person under 12 years old, in violation of 18 U.S.C. § 2241(c). Count Two charges defendant with committing a felony offense involving a minor while being required by federal and other law to register as a sex offender, in violation of 18 U.S.C. § 2260A.

Defendant filed the present motion, seeking to sever Counts One and Two for trial. Defendant contends that joinder is inappropriate because (1) the offenses are "not of the same or similar character nor part of a common scheme or plan," (2) the presentation of evidence regarding Defendant's status as a prior sex offender to prove Count Two would impermissibly prejudice the jury against Defendant in a trial on Count One, and (3) presenting evidence on both

counts at the same time would be likely to confuse the jury. (DN 18, p. 4). The United States urges that the two counts are so interdependent that they must be tried together. The United States further insists that severance would be futile to prevent prejudice because, even if the counts were severed, Rule 414 of the Federal Rules of Evidence would allow presentation of evidence regarding Defendant's prior child pornography offense in both trials. However, the United States has not yet decided if it will offer Rule 414 evidence as to Count One.

## II. GOVERNING LAW AND DISCUSSION

Joinder of offenses is permitted under Rule 8(a) of the Federal Rules of Criminal Procedure if the offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) based on acts or transactions that are connected with, or constitute parts of, a common scheme or plan. Fed. R. Crim. P. 8(a). District courts may construe Rule 8(a) broadly in favor of joinder "to promote the goals of trial convenience and judicial efficiency." *See United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983)). However, even when joinder is appropriate, "a district court may, in its discretion, grant the defendant a severance if it appears that the defendant is prejudiced by a joinder of the offenses." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (citing Fed. R. Crim. P. 14). A district court's joinder decision will not be disturbed unless the defendant articulates a "strong showing of prejudice." *Id*. (quoting *United States v. Gallo,* 763 F.2d 1504, 1525 (6th Cir. 1985)), and "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right … or prevent the jury from making a reliable judgment about guilt or innocence," *Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 938, 122 L. Ed. 2d 317 (1993). The defendant bears the burden of showing sufficient prejudice to warrant a severance, and this high burden cannot be

met through conclusory statements of potential prejudice. *See Hang Le–Thy Tran,* 433 F.3d at 478 ("The defendant's conclusory statement that the joinder of the counts 'affected' the jury's ability to render a fair and impartial verdict does not suffice to show substantial prejudice.").

**A. Counts One and Two are sufficiently similar to justify joinder.**

Defendant asserts that Counts One and Two must be severed because they are "not of the same or similar character nor part of a common scheme or plan." Defendant's argument fails as both a legal and practical matter.

First, counts One and Two are part of the "same act or transaction" and "based on acts or transactions that are connected with … a common scheme or plan" because Count One is a necessary element of Count Two. Fed R. Crim. P. 8(a). Count One alleges Defendant "crossed a state line … with intent to engage in a sexual act with a person who had not attained the age of 12 years" in violation of 18 U.S.C. § 2241(c). (DN 1, p. 1). Count Two alleges Defendant (1) was "required by Federal and other law to register as a sex offender" and (2) "committed a felony offense involving a minor under 18 U.S.C. Section 2241(c)." (DN 1, p. 1–2). The United States must demonstrate both elements to prove Defendant violated § 2260A. As the United States points out in its opposition, Counts One and Two are inextricably linked because "[t]he offense charged in Count 1 of the Indictment is one of the covered offenses identified in § 2260A" and the commission of Count One is a necessary element of Count Two. (DN 23, p. 2) (citing 18 U.S.C. § 2260A ("Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section … 2241 … shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision.")). Thus, the various counts are linked by common evidence and

burdens of proof. The interdependent nature of the counts belies Defendant's claim that "there is nothing about Count One that is necessary to prove Count Two or vice versa." (DN 18, p. 5).

Second, even if the indictment did not specifically identify violation of Section 2241 as a necessary element of Count Two, the counts are sufficiently linked to justify joinder because they both hinge on the "same act or transaction." Fed. R. Crim. P. 8(a). In the instant case, a single "act or transaction"—the Defendant's interstate travel with the intent to engage in a sexual act with a person under 12 years old—is central to both counts.

**B. Bifurcation, not severance, is the most appropriate remedy against prejudice.**

Defendant has not demonstrated that he is entitled to severance of the counts. Because severance requires empaneling two juries and running two separate trials, a defendant must show "compelling, specific, and actual prejudice" that would result from a trial court's refusal to sever. *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). In his motion, Defendant states baldly that "the jury will hear that Mr. Helms has a prior sex conviction when they hear the charges and they will assume he must be guilty of the sex offense charged in count one based on their prejudice." (DN 18-1, p. 4). This flat assertion is not evidence of any compelling, specific, or actual prejudice that may only be cured by severance. Thus, Defendant fails to carry his burden to prove that he is entitled to severance of the counts.

After careful consideration, this Court concludes that severance is unnecessary to protect Defendant's right to a fair trial. Instead, bifurcation of Counts One and Two is a more appropriate method to limit unconstitutional prejudice while only seating one jury and preserving the efficiency of the Court. In the event the United States secures a conviction on Count One, the jury will be permitted to hear evidence of Defendant's prior conviction in its case-in-chief regarding Count Two, which accuses Defendant of a violation of § 2260A.

### C. The potential for jury confusion can be cured without severance.

We now address Defendant's assertion that severance is warranted because of the likelihood that a jury will be confused by the evidence. Multiple counts are commonly tried jointly in a single trial, and juries are routinely required to apply evidence to each count individually. Even where there is a possible risk of confusion or prejudice, the court may determine that separate trials are not necessary if a less drastic measure will cure the potential injustice. *See Zafiro,* 506 U.S. at 539. Because the Court will bifurcate the counts at trial, the risk of jury confusion will be minimized, and severance will be denied.

### D. Ruling based on the potential applicability of Rule 414 would be premature.

The Court will not rule on the potential applicability of Rule 414 to the current case. Defendant claims that severance is warranted because, in a joint trial, "the jury will be made aware in opening statement that Mr. Helms was a prior sex offender." (DN 18, p. 4). To this concern, the United States responds that Defendant's "complaints overlook Fed. R. Evid. 414 and its implication in the case at bar." (DN 23, p. 2). Rule 414 states, in relevant part, that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Because the United States equivocates as to whether or not "it will seek to introduce evidence concerning the nature of the prior registration-triggering conviction," *Id.*, ruling on severance now based on the *potential* application of Rule 414 would be premature, *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 715 (6th Cir. 2011) ("The 'case or controversy' requirement prohibits all advisory opinions."). This Court

will not rule on Defendant's motion for severance based on an evidence rule that the United States "requests an opportunity to further evaluate…." (DN 23, p. 2). Further, if the United States seeks to offer evidence under Rule 414 as to Count One, it must present more particularly what that evidence is, what it is offered to prove, and how it may be relevant.

### III. CONCLUSION

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Jon Michael Helms, for severance of Counts One and Two, (DN 18), is **DENIED.** It is **ORDERED** that trial on Count One will be bifurcated from Count Two, such that if the jury finds Defendant guilty of Count One, the parties may put on evidence whether Defendant was required to register as a sex offender and argue Count Two to the jury. After the parties argue Count Two to the jury, this Court will instruct the jury on Count Two and direct the jury to deliberate and return separate verdict on that count.

**IT IS SO ORDERED.**   August 29, 2019

Charles R. Simpson III, Senior Judge
United States District Court